2014 Ark. App. 384

**Charles WHITFIELD, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–13–747.**

Court of Appeals of Arkansas.

June 18, 2014.

Lott Rolfe, IV, Deputy Public Defender, by: Clint Miller, Deputy Public Defender, for appellant.

Dustin McDaniel, Att'y Gen., by: LeaAnn J. Adams, Ass't Att'y Gen., for appellee.

BRANDON J. HARRISON, Judge.

Charles Whitfield appeals his conviction on a felony failure-to-appear charge and that he was a habitual offender, a conviction for which he received a ten-year prison sentence. He argues on appeal that substantial evidence does not support the conviction because he had a reasonable excuse for failing to appear in court as he was required to do. We affirm the conviction.

Whitfield was arrested in June 2012 and charged with residential burglary, aggravated assault, and second-degree assault. He was released on bond and signed a written acknowledgement of his upcoming bench trial that was scheduled for 15 January 2013. Whitfield was a no-show, and the State later charged him with felony failure to appear.

After Whitfield waived his right to a jury trial, the court, on 21 February 2013, held a bench trial on the failure-to-appear charge. Dawn Benton, the circuit-court case coordinator, testified for the State that Whitfield had received proper notice to appear for the bench trial scheduled for 15 January 2013, and that he did not appear for trial. State's Exhibit No. 2 was a written acknowledgement that informed Whitfield of the January 15 court date. The written acknowledgment was dated 18 September 2012, and Whitfield had signed it. A second witness, Bailiff Paul Worthy, testified that he was present in court on January 15, that he sounded the halls for Whitfield, waited for a response, but Whitfield never answered. The State then rested its case.

Whitfield testified. He admitted that he knew about the scheduled trial and did not appear for it. Whitfield told the court that he was homeless on January 15th, had no money to make a telephone call on a pay phone, had no transportation and no money for a cab or bus token, it was very cold, and he was certain he would have lost his bed at the homeless shelter where he was staying at the time had he gone to court. On cross-examination, he acknowledged that he could have walked to the courthouse had he chosen to do so. Whitfield again maintained that he did not show up because he "needed a place to lay his head." He also explained under cross-examination that he could not stay with his wife given a serious domestic dispute the two had recently, and that he was worried about violating a no-contact order.

At the close of all the evidence, Whitfield moved to dismiss the charge, arguing that he had shown a reasonable excuse for not appearing in court on 15 January 2013. The court, sitting as trier of fact, found Whitfield guilty of felony failure to appear.

■ We now turn to Whitfield's argument that his conviction is not supported by sufficient evidence. A motion to dismiss made during a bench trial challenges the sufficiency of the State's evidence. Ark. R.Crim. P. 33.1 (2013). When a defendant challenges the ₃sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005). Only evidence supporting the verdict is considered. *Id.* The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Whether evidence is direct or circumstantial, it must meet the requirements of substantiality. *Id.* Substantial evidence is evidence forceful enough to compel the fact-finder to make a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Direct evidence proves a fact without resorting to inference. *Id.* When circumstantial evidence alone is relied upon, it must exclude every other reasonable hypothesis than that of the guilt of the accused, or it does not amount to substantial evidence. *Id.*

■ To be convicted of failure to appear under Ark.Code Ann. § 5–54–120(a)(2), our supreme court has explained that the State must prove that the defendant (1) failed to appear, (2) without a reasonable excuse, (3) after having been lawfully set at liberty, (4) upon the condition that he appear at a specified time, place, and court. *Stewart, supra.* Documentary proof of a judge's verbal or written order to appear in court at a specific time and place is required. *Id.* That Whitfield failed to appear at court after being set at liberty is not disputed here. What Whitfield disputes is whether he had a reasonable excuse for not appearing for the scheduled trial.

Viewing the evidence in the light most favorable to the State, as our standard of review requires, we hold that the court, as the trier of fact, had substantial evidence to ₄convict Whitfield on the charge. Whitfield admitted that he knew about the court date; the State presented documentary proof that Whitfield was properly notified; and Whitfield himself acknowledged that he had the ability to walk to the courthouse that day. Whitfield had no doubt fallen on hard times, but given this record, we hold that substantial evidence supports the conviction.

Affirmed.

WALMSLEY and WYNNE, JJ., agree.