KENNETH S. HIXSON, Judge
Appellant Charles R. Davis appeals after he was convicted by a Poinsett County Circuit Court jury of one count of possession of a firearm by a certain person which involves the commission of another crime in violation of Arkansas Code Annotated section 5-73-103(c)(1)(B) (Repl. 2016). He was sentenced to serve 240 months' imprisonment to be served consecutively to his separate conviction for manslaughter. On appeal, appellant contends that (1) if his conviction for the underlying crime of manslaughter is reversed on appeal, then we must also reverse his conviction for possession of a firearm by certain persons in commission of that crime, and (2) the *898 trial court abused its discretion in admitting into evidence the manslaughter conviction as proof of the underlying crime in a case charging him of being a felon who possessed a firearm in the commission of a crime. We affirm.
Appellant was arrested and charged with first-degree murder, possession of a firearm by a certain person which involves the commission of another crime (hereafter felon in possession), and as a habitual offender. The felon-in-possession charge was severed, and appellant was convicted of the lesser-included offense of manslaughter and sentenced to serve 120 months' imprisonment. Appellant filed an appeal from that conviction, and we recently affirmed his conviction for manslaughter in case no. CR-17-487. See Davis v. State , 2018 Ark. App. 383, 555 S.W.3d 892.
While his appeal from the manslaughter conviction was still pending, a jury trial was held on the severed felon-in-possession charge. On the day of trial, the State announced that it intended to enter into evidence a copy of the sentencing order from the manslaughter conviction because it was relevant as to whether appellant had used a firearm in the commission of a crime. Appellant's counsel objected, stating, "I was objecting to it as I - we did in the phone conference last night that I think that it's rising out of the same incident so it should not be used." The trial court overruled the objection because "the use of a firearm by a previously convicted felon in the commission of an offense is an element of the Class B felony charge." Therefore, appellant's 1993 felony conviction for second-degree murder and his 2017 conviction for manslaughter were admitted at the beginning of trial without any further objection.
Additionally, the State introduced testimony from law enforcement. Officer Wilbur Hewitt testified that he had responded to a call that shots had been fired at a trailer where appellant was living. After he arrived, Officer Hewitt found Jeff Foster's body inside the trailer; the body was covered in blood and wrapped in a comforter. Appellant immediately claimed that it was an accident and admitted that a .410 shotgun was inside the trailer.
Detective Ron Martin testified that he found the shotgun in the dining room. Detective Martin also interviewed appellant. According to Detective Martin, appellant explained that he and Mr. Foster had been drinking. Appellant had been living alone in the trailer for a couple of weeks. Appellant admitted in the interview that he had used a shotgun that belonged to his cousin to "poke" Mr. Foster in an attempt to make him leave his trailer after Mr. Foster had become obnoxious. Appellant claimed that he did not intend to kill Mr. Foster but that the shotgun was accidentally discharged, and Mr. Foster was shot in the back of his neck and head. The jury found appellant guilty, and appellant was sentenced to serve 240 months' imprisonment to be served consecutively to his conviction for manslaughter. This appeal followed.
On appeal, appellant first argues that if his manslaughter conviction is reversed in his separate appeal case no. CR-17-487, then we must also reverse his felon-in-possession conviction. However, appellant's argument lacks merit because we affirmed his manslaughter conviction. See Davis, supra.
Appellant additionally argues that the trial court abused its discretion in admitting into evidence the manslaughter conviction as proof of the underlying crime in a case charging him of being a felon who possessed a firearm in the commission of a crime. Arkansas Code Annotated section 5-73-103(a) states that it is a crime for a person who has been convicted of a felony to possess or own a firearm. Subsection (c)(1)(B) states that a person who violates *899 this section commits a Class B felony if the person's current possession of a firearm involves the commission of another crime. See also Toombs v. State , 2015 Ark. App. 71, 2015 WL 585587. Appellant specifically argues that the admission of the manslaughter conviction violated the purpose of severance to "promote[ ] a fair determination of the defendant's guilt or innocence of each offense" and therefore was prejudicial.
While it is true that objections need not cite specific rules to be sufficient, it is clear that a specific objection is necessary in order to preserve an issue on appeal. Leach v. State , 2012 Ark. 179, 402 S.W.3d 517. To preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of the particular error alleged, and the appellate court will not address arguments raised for the first time on appeal. Id. A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. Id. Here, appellant failed to make the argument he now makes on appeal. Instead, he objected on the grounds that "I think that it's rising out of the same incident so it should not be used." We cannot presume from this ambiguous statement that appellant was arguing that the introduction of the conviction violated "the purpose of severance" and "created a mandatory presumption in [the jurors'] minds that the State had proven the [involved-in-the-commission-of-another-crime] element." As such, that issue is not preserved for appeal, and we do not address it.
Affirmed.
Glover and Vaught, JJ., agree.