ROBERT J. GLADWIN, Judge
Ryan Saige Oxford was convicted by a Sebastian County Circuit Court jury of second-degree murder and seven counts of terroristic acts, one of which resulted in death, and the jury recommended concurrent sentences.[1] However, the circuit court sentenced him consecutively for a total *84 term of 936 months' imprisonment.[2] On appeal, Oxford claims that the circuit court abused its discretion by ordering his sentences to run consecutively when the jury did not recommend it. We affirm.
Oxford was originally charged by criminal information in connection with the shooting death of Justin Lopez. It was established at trial that Oxford and three other men took guns and masks with them, questioned people at a wedding, went to a trailer occupied by Justin Lopez, and affirmed that Lopez was inside. At least two of the four men shot several times into the trailer, and Lopez received a fatal gunshot wound to the head. After the shooting, the four returned to their vehicle and went back to the wedding. Police collected evidence and spoke with Oxford and other witnesses. Transcripts of Oxford's two interviews by police were admitted, and therein Oxford stated that he and three others used two guns, wore masks, and shot at Lopez's trailer; although, Oxford claimed he did not shoot. Oxford downplayed his involvement during the interviews; however, he admitted that he worked at a pawn shop and that he collected guns. He also said that one of the guns used in the shooting belonged to him, and the other gun used had been sold by him to a codefendant.
The jury found Oxford guilty of second-degree murder, eight counts of felony with a firearm, six counts of terroristic acts, and one count of a terroristic act involving death and recommended that Oxford serve concurrent sentences that would amount to twenty years' imprisonment. The State asked that the court consider running the sentences consecutively, and the defense responded as follows:
We recognize that you have the discretion in this case to do whatever you are going to do. I would just say that traditionally the courts follow the recommendation of the jury. As far as my client is concerned, I think that if you run them consecutive it appears that you might possibly be violating his due process rights by his desire to go to a jury trial. We think that is unfair.
The circuit court made its ruling, stating as follows:
All right. Well, I have given this a lot of thought over the last sixteen hours or so since the verdict came back in last night, at home, and again this morning.
This was senseless violence. There have been so many lives and families that are ruined because of one group of people thought they were being dissed. I looked at the nature of this offense, going to that trailer knowing that people were in there, shooting at least 40 rounds into paper-thin walls of a trailer with bullets going in and out of the trailer.
Mr. Oxford, you were the one that provided the weapons for this. You worked in the pawn shop. I don't know if Robert permitted you to sell firearms, but I know you are familiar with the ATF Form 4473 that these people are required to fill out. At least years ago when I was dealing with the ATF and Form 4473, one of the questions was a felony and you were allowing at least one of those guns to be in the possession of a kid, a young man who had been convicted of manslaughter and hadn't been out of the Detention Center 30 days before he, you and others are shooting, waving and flaunting these weapons with rap music, signs that you *85 were making in the wee hours of the morning. On some of those films, I think it was 2:30 or 3:00 or 4:00 o'clock in the morning. Then, I don't believe that Mr. Porras just came over to your house and got that gun. The testimony was that you brought it over there and you have given him or sold him the other, but then you go out and you get into a vehicle with those weapons and your comment was that you knew that they were going to or I think it was you knew they were going to do some sh* *.
The Court feels that you knew very well that there was going to be some shooting and you did absolutely nothing. You went along with them in the car, you knew those guns were in there, and when they pulled up there and instead of getting out and fleeing or trying to stop them you jumped up in the front seat so that you could drive the getaway so that nobody would get caught. Then, knowing this had gone on, you went back to this wedding party so you would have an alibi. Then, you were able to go home and go to bed like nothing at all had happened. As a result of it, there is a young man that is dead and all he was doing was sitting there. He may have been doing some things he shouldn't have been doing in the trailer, but he didn't deserve to die.
....
Because of your involvement and the nature of the offense and the fact that or [sic] the sentences that were imposed on the other two, but I am mostly looking at what you have done, I am going to run those sentences consecutive.
A sentencing order was filed on December 22, 2017, reflecting Oxford's prison sentence of 240 months for second-degree murder, 240 months for a terroristic act involving death, 60 months for each of six counts of a terroristic act, plus twelve months for each of the eight counts based on the felony-with-a-firearm enhancement, for a total of 936 months' imprisonment in the Arkansas Department of Correction. After sentencing, Oxford made no objection and filed no posttrial motions. This appeal timely followed.
Oxford contends that the circuit court abused its discretion by ordering that the sentences run consecutively. Lewis v. State , 2014 Ark. App. 730, at 6, 451 S.W.3d 591, 596 (holding that the question of whether sentences should run concurrently or consecutively lies solely within the province of the circuit court and will not be altered on appeal unless there was an abuse of discretion). He makes two arguments for reversal based on this point: (1) the circuit court considered facts that were not presented in evidence during his trial; and (2) the sentence imposed resulted from passion or prejudice and is wholly disproportionate to the nature of the offense as to shock the moral sense of the community. Accordingly, Oxford contends that his case should be reversed and remanded. We do not address Oxford's arguments because he did not make them below. Oxford is limited on appeal to the arguments he made at trial. Davis v. State , 2018 Ark. App. 450, 558 S.W.3d 897.
To the limited extent that Oxford argued against consecutive sentences prior to the imposition of sentence by stating, "I think that if you run them consecutive it appears that you might possibly be violating his due process rights by his desire to go to a jury trial," he has changed his argument on appeal. Oxford now argues that in sentencing him, the circuit court considered facts not presented in evidence and that the sentence was the result of passion and shocking to the moral sense of the community. Arkansas law is clear that an appellant may not change arguments on appeal.
*86 Green v. State , 330 Ark. 458, 956 S.W.2d 849 (1997). Thus, consideration of this point is procedurally barred. Id. ; see also Ark. R. App. P.-Crim. 8 (2017) (providing that to obtain review of a matter on appeal, it is sufficient if a party makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefore).
In Oxford's reply brief, he claims that his argument is preserved because his request for the sentences to be run concurrently provided sufficient notice to the circuit court. See Eliott v. State , 342 Ark. 237, 27 S.W.3d 432 (2000) (holding that to preserve an argument for appeal, there must be an objection in the circuit court that is sufficient to apprise the court of the particular error alleged). Eliott also states that a party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. Id. at 242, 27 S.W.3d at 436.
Oxford also cites Smallwood v. State , 326 Ark. 813, 935 S.W.2d 530 (1996), for the proposition that a request for a particular sentence is sufficient to preserve the issue for appeal. In Smallwood , the State alleged that the defendant did not preserve the issue of whether the circuit court erred by ordering consecutive sentences because he failed to object after the imposition of consecutive sentences. Id. at 820, 935 S.W.2d at 533. The Arkansas Supreme Court held that the circuit court's denial of the defendant's motion for concurrent sentences, without more, preserved the issue. Id.
Oxford finally cites Rodgers v. State , 348 Ark. 106, 109, 71 S.W.3d 579, 581 (2002), wherein the appellant had moved to set aside the jury's sentencing recommendation, thereby asking the circuit court to exercise its discretion to place appellant on probation. The circuit court denied the appellant's motion. Id. On appeal, the appellant challenged the ruling, and the court held that appellant's motion was sufficient notice of the issue raised on appeal. Id. Oxford contends that his request for the sentences to run concurrently provided sufficient notice to the circuit court to preserve the issue for appeal. He claims that no further objection to consecutive sentencing by the defense was required to preserve the issue.
The cases cited by Oxford are distinguishable from the instant matter because in Rodgers and Smallwood , the circuit court had been apprised of the defendants' objection to consecutive sentences, and the arguments made below were not changed on appeal. However, as stated in Eliott , a party cannot change the grounds for an objection or motion on appeal, and in the instant case, Oxford changed his argument, which is procedurally forbidden.
Affirmed.
Virden and Whiteaker, JJ., agree.

Second-degree murder is codified in Arkansas Code Annotated section 5-10-103(a)(1) (Repl. 2013). Oxford was found guilty on six counts of committing a terroristic act in violation of section 5-13-310(a)(1) (Repl. 2013) (shooting at an occupied conveyance) and one count of committing a terroristic act in violation of section 5-13-310(a)(2) (shooting at an occupiable structure) and (b)(2) (causing injury or death).

The circuit court enhanced the sentence twelve months for each count pursuant to Arkansas Code Annotated section 16-90-120(a) (Repl. 2016) (felony with firearm); thus, Oxford's consecutive sentence totaled 936 months.