Cite as 2020 Ark. App. 390

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-841

|  |  |
|---|---|
| RICHARD DOUGLAS HYATT<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 9, 2020<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-18-175]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Richard Hyatt appeals the sentencing order entered by the Saline County Circuit Court convicting him of one count of theft of property valued at more than $1,000 but no more than $5,000 and two counts of failure to appear. On appeal, Hyatt argues that there is insufficient evidence to support his convictions. We affirm.

The evidence presented at trial reflects that on September 15, 2016, Wen Lin entered into a written contract with Hyatt wherein Lin agreed to pay Hyatt $5,074.31 to build a fence and a retaining wall and to level the topsoil at Lin's home. Lin paid Hyatt $3,174.31 in a cash down payment for materials and equipment and promised to pay Hyatt the $1,900 balance when Hyatt completed the project. Lin stated that there was no completion date stated in the contract.

Lin testified at trial that Hyatt was to begin working on the project within a few days. When Hyatt failed to begin the work, Lin called and texted Hyatt, who said that he was trying

to obtain materials. Lin said that Hyatt did not report to work and stopped responding to Lin's communications. Lin testified that Hyatt never delivered materials, performed the work, or returned the money; however, Lin testified that he later received $3,175 from a church.

Lin reported Hyatt's theft to the Benton Police Department. After an investigation, Detective Toney Green obtained a warrant for Hyatt's arrest. Hyatt was arrested in Texas on October 27, 2016, and he was later transported to the Saline County jail where he was interviewed, and according to Detective Green, confessed to the theft. Hyatt admitted that he signed the landscaping contract with Lin, received a cash down payment from Lin, did not perform the job, did not return Lin's phone calls, used the money from Lin for another job, and was having money trouble at the time.

Saline County circuit clerk Myka Bono Sample testified that court records reflect that Hyatt was ordered to appear in the circuit court for plea and arraignment in the Lin case on April 16, 2018, and that the order has Hyatt's signature on it. The clerk stated that Hyatt failed to appear, and a failure-to-appear warrant was issued.

Saline County District Court chief clerk Leah Redmond also testified. She stated that records reflect that Hyatt was ordered to appear in the district court on January 24, 2017, in connection with a separate theft-of-property case and that Hyatt's signature is on this order. Redmond testified that Hyatt failed to appear, and an arrest warrant was issued for him.

Hyatt testified that he and Lin entered into a written contract on September 15, 2016, for a landscaping project at Lin's home. Hyatt said that Lin gave him $3,174.31 in cash to purchase materials but that he did not do the work, deliver the materials, or return Lin's money. Hyatt stated that he failed to perform the work because he had been arrested in Texas

and was in and out of jail or prison thereafter. He testified that he did not intend to take Lin's money and not do the work.

Hyatt conceded that he failed to appear for both the January 24, 2017, and April 16, 2018 court dates. He admitted that he signed both of the orders directing him to appear in court on those dates. However, he stated that he did not appear for court as ordered because he was not given copies of the orders. He said he did not intend to miss his court appearances. Lastly, Hyatt admitted that he has a prior failure-to-appear conviction, has eleven felony convictions for theft of property for failing to do landscaping work, and has previously pled guilty to writing hot checks.

Based on this evidence, the jury convicted Hyatt of theft of property valued at greater than $1,000 but no more than $5,000 and two counts of failure to appear. He was sentenced as a habitual offender to thirty years' imprisonment for each failure-to-appear conviction, to run consecutively, and ten years' imprisonment for the theft-of-property conviction, to run concurrently with the failure-to-appear sentences. Hyatt filed a timely appeal, arguing that there is insufficient evidence to support his theft-of-property and failure-to-appear convictions.

On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Gervais v. State*, 2018 Ark. App. 161, at 1, 544 S.W.3d 590, 592. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*, 544 S.W.3d at 592. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* at 2, 544 S.W.3d at 592. Substantial evidence is evidence forceful

3

enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*, 544 S.W.3d at 592. We do not, however, weigh the evidence presented at trial, as that is a matter for the fact-finder, nor will we weigh the credibility of the witnesses. *Id.*, 544 S.W.3d at 592.

A person commits theft of property if he or she knowingly takes or exercises unauthorized control over the property of another person with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103(a)(1) (Repl. 2013). A person acts knowingly with respect to his or her conduct when he or she is aware the conduct is of that nature or that the attendant circumstances exist. Ark. Code Ann. § 5-2-202(2) (Repl. 2013). A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result. Ark. Code Ann. § 5-2-202(1). Theft of property is a Class D felony if the value of the property is five thousand dollars or less but more than one thousand dollars. Ark. Code Ann. § 5-36-103(b)(3)(A).

At trial, Hyatt moved for directed verdict on the theft-of-property charge, arguing that the State failed to prove that he took Lin's money with the purpose of depriving him of it, as required by section 5-36-103(a)(1), because the written contract did not provide a date on which the project was to be completed and because Lin testified that he was later reimbursed for his down payment. On appeal, however, Hyatt changes his sufficiency argument, arguing that the State failed to prove that he took Lin's money with the purpose of depriving him of it because the evidence shows that Hyatt was in jail or prison after the contract was executed and was unable to perform the work.

4

An appellant may not change arguments on appeal. *Oxford v. State*, 2018 Ark. App. 609, at 5, 567 S.W.3d 83, 85–86 (citing *Green v. State*, 330 Ark. 458, 472, 956 S.W.2d 849, 856 (1997)). Therefore, Hyatt's theft-of-property argument on appeal is procedurally barred. *Oxford*, 2018 Ark. App. 609, at 5, 567 S.W.3d at 86. Moreover, because Hyatt does not raise the theft-of-property sufficiency argument on appeal that he made below, it is waived. *Jordan v. State*, 356 Ark. 248, 256, 147 S.W.3d 691, 696 (2004) (citing *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001) (holding that issues raised below but not argued on appeal are considered abandoned)). Therefore, Hyatt's theft-of-property argument is not preserved for appeal.

Hyatt also challenges the sufficiency of the evidence supporting his two failure-to-appear convictions. A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been lawfully set at liberty upon condition that he or she appear at a specified time, place, and court. Ark. Code Ann. § 5-54-120(b)(2) (Repl. 2016). Failure to appear is a Class C felony if the required appearance was in regard to a pending charge or disposition of a felony charge either before or after a determination of guilt of the felony charge. Ark. Code Ann. § 5-54-120(c)(1).

To be convicted of failure to appear under Arkansas Code Annotated section 5-54-120(b)(2), our supreme court has explained that the State must prove that the defendant (1) failed to appear, (2) without a reasonable excuse, (3) after having been lawfully set at liberty, (4) upon the condition that he appear at a specified time, place, and court. *Whitfield v. State*, 2014 Ark. App. 384, at 3, 437 S.W.3d 705, 707 (citing *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005)). Documentary proof of a judge's verbal or written order to appear in court at a specific time and place is required. *Id.*, 437 S.W.3d at 707.

Hyatt does not dispute that he was ordered to appear in court on January 24, 2017, and April 16, 2018, or that he failed to appear in court on those dates. Hyatt argues that he had a reasonable excuse for not appearing in court. Reasonable excuse is a defense to failure to appear. *Payne v. State*, 21 Ark. App. 243, 248, 731 S.W.2d 235, 237 (1987). It is the appellant's obligation to establish to the satisfaction of the jury that he or she had a reasonable excuse for his or her failure to appear. *Id.*, 731 S.W.2d at 237.

Viewing the evidence in the light most favorable to the State, as our standard of review requires, we hold that the jury had substantial evidence to convict Hyatt on two counts of failure to appear. Hyatt admitted that he signed the orders directing him to appear in court on January 24, 2017, and April 16, 2018, the State introduced documentary proof of the circuit court's two orders to appear that Hyatt signed, and it is undisputed that Hyatt failed to appear for two court dates. Hyatt also conceded at trial that it was ultimately his fault that he did not know the date of his court appearances and that it is his responsibility to find out the dates he is due in court.

While Hyatt contends that he offered a reasonable excuse for failing to appear in court, his argument bears exclusively upon the credibility of the witnesses in this case. This court does not attempt to weigh the evidence or assess the credibility of witnesses. That lies within the province of the trier of fact. *Harmon v. State*, 340 Ark. 18, 24, 8 S.W.3d 472, 476 (2000). We are bound by the fact-finder's determination on the credibility of witnesses. *Id.*, 8 S.W.3d at 476. Likewise, we have long held that the trier of fact is free to believe all or part of a witness's testimony. *Id.*, 8 S.W.3d at 476.

Here, the jury had the opportunity to weigh Hyatt's testimony that he did not appear for court as ordered because he was not given copies of the orders. The jury weighed that testimony against the State's evidence that Hyatt had actual knowledge of the court dates and simply forgot, which the jury could have concluded was not a reasonable excuse. Given the evidence in this case, we hold that substantial evidence supports the two failure-to-appear convictions.

Affirmed.

GLADWIN and SWITZER, JJ., agree.

*Jones Law Firm*, by: *Parker Jones* and *John A. Butler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.