Cite as 2024 Ark. App. 196

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-23-399

| | | |
|---|---|---|
| BALIL JAMAL OWENS | | Opinion Delivered March 13, 2024 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-22-266] |
| V. | | |
| | | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Balil Owens appeals the sentencing order entered by the Saline County Circuit Court convicting him of fleeing and failure to appear and sentencing him to concurrent three-year terms of imprisonment. On appeal, Owens challenges the sufficiency of the evidence supporting both convictions. We affirm.

On January 6, 2022, Officer Joshua Lavrinc, a patrolman with the Alexander Police Department, saw the driver of a vehicle—later found to be Owens—speed, fail to stop at a stop sign, and move over the solid yellow lines, prompting Lavrinc to activate his lights and siren. Owens did not stop but pulled into a neighborhood and turned around in a cul-de-sac as Lavrinc continued to follow him. Owens increased his speed, and Lavrinc lost sight of him. Alexander Police Officer Brandon Huckaba heard Lavrinc's report of his pursuit on the radio and drove in the direction of the chase to assist Lavrinc. Huckaba caught up with them and continued to pursue Owens toward Little Rock at speeds of over 100 miles an

hour in zones where the posted speed limit was between 30 and 55 miles an hour. Huckaba was unable to keep up with Owens and testified that he ended his pursuit for his own safety and the safety of other drivers.

Arkansas State Police Officer Jacob Byrd heard reports of the vehicle lost in pursuit and began following Owens on Interstate 30 near Geyer Springs Road at speeds of over 80 miles an hour in zones where the posted speed limit was 65 miles an hour. Byrd activated his lights and attempted to make a traffic stop, at which point, according to Byrd, the vehicle began to "flee," reaching a speed of up to 130 miles an hour. Byrd followed Owens to North Little Rock, and Owens exited at John F. Kennedy Boulevard. Owens drove northbound in the southbound lanes and approached two cars head on. The chase finally ended when Owens's car ran out of gas and slowed enough to allow Byrd to perform a precision immobilization technique with his car.

Byrd took Owens into custody and notified the Alexander Police Department. Lavrinc and Huckaba responded to the scene in North Little Rock and took custody of Owens. Owens appeared in the Saline County District Court the next day, was released on bond, and was ordered to appear in district court on February 15, 2022. Before he was released, Owens signed an acknowledgement of receipt on the pretrial-release order setting forth the date, time, and location of the hearing. Owens did not appear on February 15 and, according to the chief clerk for the Saline County District Court, did not call or make arrangements with the district court to reschedule the hearing.

On March 24, Owens was charged with fleeing and failure to appear, both Class C felonies. On December 15, a jury convicted him of both offenses, and he has filed this appeal challenging the sufficiency of the evidence supporting both convictions.

When reviewing a challenge to the sufficiency of the evidence, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Collins v. State*, 2021 Ark. 35, at 4, 617 S.W.3d 701, 704. We affirm a conviction if substantial evidence exists to support it. *Price v. State*, 2019 Ark. 323, at 4, 588 S.W.3d 1, 4. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.*, 588 S.W.3d at 4. Witness credibility is an issue for the fact-finder, which may believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *McKisick v. State*, 2022 Ark. App. 426, at 4, 653 S.W.3d 839, 843.

Before we address the merits of Owens's arguments, we must first address preservation. To preserve a challenge to the sufficiency of the evidence, a defendant must move for a directed verdict at the close of the State's case as well as at the close of all the evidence and must state the specific grounds for the motion. *Break v. State*, 2022 Ark. 219, at 4–5, 655 S.W.3d 303, 307; Ark. R. Crim. P. 33.1 (2023). We have held that Rule 33.1 is to be strictly construed and that the failure to adhere to the rule constitutes a waiver as to any question pertaining to the sufficiency of the evidence supporting the verdict. *Akram v. State*, 2018 Ark. App. 504, at 2, 560 S.W.3d 509, 512. A general motion for a directed verdict

asserting merely that the State has failed to prove its case is inadequate to preserve a sufficiency challenge for appeal. *Id.*, 560 S.W.3d at 512.

Although Owens moved for a directed verdict at the proper times, he failed to even mention fleeing in his motion. After the State rested, Owens's counsel said, "Judge, I would move for a directed verdict. (inaudible). Also, the State has not presented enough evidence on a failure to appear."[1] At the close of his own case, Owens renewed his motion and added that he had "put out that there was a reasonable excuse for missing court on that day." Although we hold that his motion regarding the failure-to-appear conviction is sufficiently specific to preserve it for appeal, we hold that his motion challenging the sufficiency of his conviction for fleeing is not.

To be convicted of failure to appear under Arkansas Code Annotated section 5-54-120(b)(2) (Supp. 2023), the State must prove that the defendant (1) failed to appear, (2) without a reasonable excuse, (3) after having been lawfully set at liberty, (4) upon the condition that he appear at a specified time, place, and court. *Whitfield v. State*, 2014 Ark. App. 384, at 3, 437 S.W.3d 705, 707. On appeal, Owens does not dispute that he failed to appear on February 15, 2022, as ordered. Rather, he argues that the evidence at trial demonstrated that he had a reasonable excuse for failing to appear in the Saline County District Court.

---

[1]The significance of "(inaudible)" is unclear from the record, and Owens does not explain or argue what it means on appeal.

Owens points to his own testimony that there was another order requiring him to appear in court on the same date in Pulaski County. However, when asked about the Pulaski County court date during cross-examination, Owens admitted that he did not attend either hearing and that he "accidentally missed both of them." The reasonableness of a defendant's excuse bears exclusively on the credibility of the witnesses—here, Owens. *Hyatt v. State*, 2020 Ark. App. 390, at 6–7, 607 S.W.3d 180, 184. This court does not attempt to weigh the evidence or assess the credibility of witnesses, which lies solely within the province of the jury. *Id.*, 607 S.W.3d at 184.

Viewing the evidence in the light most favorable to the State, as our standard of review requires, we hold that the jury had substantial evidence to convict Owens for failure to appear. The jury could have concluded that Owens's testimony that he did not attend the hearing because he had another hearing in Pulaski County was not a reasonable excuse, particularly in light of his own testimony that he did not appear at either hearing.

Affirmed.

HARRISON, C.J., and MURPHY, J., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.