Cite as 2025 Ark. App. 84

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-422

| | |
|---|---|
| JOHN MALONE | **Opinion Delivered** February 12, 2025 |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-23-843] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |
| APPELLEE | |

## STEPHANIE POTTER BARRETT, Judge

Appellant John Malone did not appear in the Saline County Circuit Court on December 20, 2023, for a revocation hearing, resulting in both an additional charge of failure to appear and a bench warrant being issued for his arrest. A bench trial was held February 6, 2024, on the charge of failure to appear.[1] Malone was found guilty and was sentenced, as a habitual offender with more than four prior felony convictions, to fifteen years' incarceration. This sentence was ordered to be served consecutively to both the sentence he received on the revocation of his suspended sentence and a sentence from the Pulaski County Circuit Court for two counts of theft of property.

---

[1]The revocation petition was also heard at this hearing, and Malone's suspended sentence was revoked, but that revocation is not involved in this appeal.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1) (2024), Malone's counsel has filed a no-merit brief along with a motion to be relieved as counsel asserting that there is no issue of arguable merit on appeal. The clerk of this court provided Malone with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. Malone has filed no pro se points. We affirm Malone's conviction and grant counsel's motion to withdraw.

Malone's counsel first addresses the merits of the sufficiency of the evidence to support the failure-to-appear conviction. However, the sufficiency argument was not preserved for appellate review. While a challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion for a directed verdict or a motion to dismiss, *see Ames v. State*, 2024 Ark. App. 434, 698 S.W.3d 668, Rule 33.1 of the Arkansas Rules of Criminal Procedure (2024) requires that, in a nonjury trial, a motion for dismissal must be made at the close of all the evidence and shall state the specific grounds for the motion; if this is not done, then any argument pertaining to the sufficiency of the evidence is waived.

Here, the circuit court, in a bench trial, heard evidence pertaining to both the revocation of Malone's suspended sentence and the criminal offense of failure to appear. While a sufficiency argument regarding the revocation of Malone's suspended sentence could be raised on appeal without having made a motion to dismiss to the circuit court, Rule 33.1 requires that a motion to dismiss the criminal charge of failure to appear had to be

2

made at the close of all of the evidence; because that was not done, any argument regarding the sufficiency of the evidence is not preserved for appellate review.

Counsel did not assert that the sufficiency argument was not preserved; rather, he addressed the sufficiency of the evidence on the merits and adequately explained why there is no issue of arguable merit to be raised in an appeal. To be convicted of failure to appear under Arkansas Code Annotated section 5-54-120(b)(2) (Supp. 2023), the State must prove the defendant (1) failed to appear, (2) without a reasonable excuse, (3) after having been lawfully set at liberty, (4) upon the condition that he appear at a specified time, place, and court. *Hyatt v. State*, 2020 Ark. App. 390, 607 S.W.3d 180. Documentary proof of a judge's verbal or written order to appear in a court at a specific time and place is required. *Id.*

The State introduced the following evidence: the circuit court entered an appearance order dated November 16, 2023, for Malone to appear in court on December 20 at 1:30 p.m. for a scheduled revocation hearing; an order of arrest for failure to appear entered by the circuit court and filed on December 20; and a failure-to-appear warrant issued on December 20 issued by the circuit clerk's office.

Malone testified in his own defense, stating that he called his attorney the day before the revocation hearing to let her know that his wife was to undergo a medical procedure on the day of the revocation hearing, and he would not be able to leave the hospital until she was out of recovery. He acknowledged that no one had given him permission to not appear in court on December 20; he assumed that he could miss a court date if it was due to a medical emergency. He also admitted that he had not provided any documentation

3

regarding his wife's illness or hospitalization to his attorney or to the court. Malone agreed that he had been convicted of "probably more" than twenty felony theft charges over the past thirty years in Arkansas and Texas. In finding Malone guilty for failing to appear, the court stated that he was not credible, and he had not given the court any reasonable explanation for why he was not in court on December 20.

Malone admitted that he knew he was to appear in court on December 20 and failed to do so. While he explained that he did not appear because his wife was undergoing a medical procedure on that date, he admitted that he had not received permission to miss the court date, nor had he provided documentation of his wife's hospitalization. In a bench trial, it is the circuit court's function to evaluate the credibility of witnesses and resolve questions of conflicting testimony and inconsistent evidence, and it is free to believe all, part, or none of any witness's testimony. *Ables v. State*, 2024 Ark. App. 558, 700 S.W.3d 517. The circuit court explicitly stated that Malone was not a credible witness. There is no issue of arguable merit to raise on appeal with regard to the sufficiency of the evidence.

Malone was sentenced to fifteen years' imprisonment on the failure-to-appear conviction. Failure to appear is a Class D felony if the appearance is in respect to an order to appear before a revocation hearing under Arkansas Code Annotated section 16-93-307 (Repl. 2016), and the defendant received a suspended sentence for a felony offense. Ark. Code Ann. § 5-54-120 (Supp. 2023). A sentence for a person convicted of a Class D felony shall not exceed six years. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013). However, a person who has previously been convicted of four or more felonies shall be sentenced to an extended

term of not more than fifteen years for a Class D felony. Ark. Code Ann. § 5-4-501(b)(2)(E) (Supp. 2023).

This adverse ruling presents no issue of arguable merit on appeal. Malone admitted that he had been convicted of more than four felonies, and the State introduced proof of this in the form of certified copies of convictions. Malone received the maximum sentence allowable as a habitual offender, and there is no meritorious argument to be made regarding the extended sentence.

The last adverse ruling was that the circuit court ordered the fifteen-year sentence for the failure-to-appear conviction to run consecutively to the sentence imposed in Malone's revocation of suspended sentence and to the sentence from Pulaski County, despite the request from Malone's attorney to run the sentences concurrently. It is within a circuit court's discretion to order that sentences run consecutively. *Ashmore v. State*, 2024 Ark. App. 506; Ark. Code Ann. § 5-4-403 (Repl. 2013). After hearing testimony from several victims of Malone's prior thefts—in which Malone would take money to perform handyman services but would fail to complete the jobs—the circuit court stated that it believed Malone had preyed on the most vulnerable people in our society and that it was "going to lock [him] up for as long as [it] possibly can." There was no abuse of discretion in ordering that the sentences be served consecutively.

From our review of the record and the brief presented to us, we hold that counsel has complied with Rule 4-3(b), and there is no issue of arguable merit to an appeal. We affirm Malone's conviction and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

Hixson and Murphy, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

One brief only.