Kevin BARTON *v.* STATE of Arkansas

CR 05-1336                                    235 S.W.3d 511

Supreme Court of Arkansas
Opinion delivered May 11, 2006

*Montgomery, Adams & Wyatt, PLC,* by: *Dale E. Adams,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Laura Shue,* Ass't Att'y Gen., for appellee.

Robert L. Brown, Justice. Appellant Kevin Barton interlocutorily appeals from the circuit court's order denying his motion to transfer his case to juvenile court, pursuant to Ark. Code Ann. § 9-27-318(l) (Supp. 2005). His sole point on appeal is that the circuit court erred in denying his motion to find the juvenile-transfer statute, § 9-27-318, unconstitutional as a denial of equal protection and due process. Because there is no record of a final order or ruling regarding the constitutional issue appealed from, we dismiss the matter.

According to the felony information, Barton was charged with committing capital murder and residential burglary on July 15, 2004, in Nevada County. He was sixteen at the time of the charged offenses but he was charged as an adult. On July 1, 2005, Barton filed a motion to transfer his case to juvenile court.[1] A hearing on this motion was held on August 17, 2005, and the circuit court denied the motion from the bench. The next day, Barton filed his motion to declare the juvenile-transfer statute unconstitutional as violative of his due-process and equal-protection rights.

On September 9, 2005, Barton filed his notice of interlocutory appeal in which he gave notice of his appeal "of the decision of the Court's denial of Defendant's Motion for juvenile transfer." No mention was made of the constitutional issues raised in the notice. Thereafter, on September 19, 2005, the circuit court entered its order denying Barton's motion to transfer to the juvenile court. We treat the notice of interlocutory appeal as being filed the day after the entered order denying transfer. See Ark. R. App. P. – Crim. 2(b)(1) (2005).

Barton asserts as his sole point on appeal that the circuit court erred in ruling that the juvenile-transfer statute is constitutional. In this regard, he claims that the circuit court denied his motion to transfer to juvenile court and, "apparently," denied his motion to declare the juvenile-transfer statute unconstitutional as well. He urges that that statute provides prosecutors with unfettered and unbridled discretion in charging a juvenile as an adult, and that such discretion is a patent denial of equal-protection and due-process rights under the state and federal constitutions. He contends that this discretion must be seen against "the reality that

---

[1] The motion to transfer was not included in the record on appeal. The docket sheet, however, reflects that a motion to transfer was filed on this date.

juveniles are different from adults." In his attempt to demonstrate that difference, Barton cites this court to the United States Supreme Court's recent opinion, *Roper v. Simmons*, 543 U.S. 551 (2005), and argues that the same factors that militate against the execution of juveniles who were under eighteen years of age at the time of the committed offense also counsel against the prosecution of juveniles in the adult criminal-justice system. While he acknowledges this court's prior rejection of his claims in *Beck v. State*, 317 Ark. 154, 876 S.W.2d 561 (1994), and *Otis v. State*, 355 Ark. 590, 142 S.W.3d 615 (2004), he urges this court to revisit those decisions in light of the addition of Extended Juvenile Jurisdiction under Ark. Code Ann. §§ 9-27-501 – 9-27-510 (Repl. 2002 & Supp. 2005).

■ We decline to consider his constitutional challenge, because there is no order or ruling regarding this issue from the circuit court for this court to review. Nor did Barton state that there was such an order or ruling in his notice of appeal and that he was appealing from it.

It is elementary that appeals to this court are only from final judgments, orders, and decrees. *See* Ark. R. App. P. – Civ. 2. The same holds true for appeals from orders in criminal cases. *See, e.g., Wynne v. State*, 345 Ark. 536, 49 S.W.3d 100 (2001). Thus, we have before us no ruling or decision from the circuit court on the constitutional issue. Barton maintains that "apparently" the circuit court ruled on the matter, but this court has made it crystal clear that the burden is on the movant to get a ruling, and a ruling cannot be presumed. *See, e.g., Vaughn v. State*, 338 Ark. 220, 992 S.W.2d 785 (1999).

The lack of a final order or ruling thwarts a review of this matter by this court. Accordingly, we dismiss the appeal.

Appeal dismissed.

GUNTER, J., not participating.