Kevin BARTON *v.* STATE of Arkansas

CA 05-1146                                          237 S.W.3d 512

Court of Appeals of Arkansas
Opinion delivered June 28, 2006

---

*Montgomery, Adams & Wyatt, PLC*, by: *Dale E. Adams*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

Larry D. Vaught, Judge. Appellant Kevin Barton interlocutorily appeals from the trial court's denial of his motion to transfer his case to juvenile court. On appeal, Barton limits his claim of error to a single issue — that the Arkansas juvenile transfer statute, Ark. Code Ann. § 9-27-318 (Repl. 2002), is unconstitutional because it is violates both equal protection and due process of law. We affirm.

Barton was charged with capital murder, aggravated robbery, and residential burglary following a felony information filed by the State. The State alleged that on August 5, 2004, he robbed, shot, and killed an eighty-four-year-old woman in her home. Because Barton was sixteen years old when the alleged offenses took place, he moved to transfer the case to the juvenile division of the lower court.

His motion to transfer the case to juvenile court was filed on June 30, 2005. On July 28, 2005, he filed a separate motion asking the trial court to declare the juvenile-transfer statute unconstitutional. On July 29, 2005, Barton brought his constitutional chal-

lenge before the trial court, after which all parties agreed to postpone a ruling until all evidence was heard. On August 30, 2005, the trial court denied Barton's motion for transfer. On August 31, 2005, the court entered a separate order relying on *Beck v. State*, 317 Ark. 154, 876 S.W.2d 561 (1994), denying Barton's request that it find the juvenile-transfer statute unconstitutional. That same day, Barton filed a notice of interlocutory appeal from the trial court's August 30 denial of his transfer motion. However, the sole issue he argues on appeal involves the constitutionality of the juvenile-transfer statute — the subject of a separate order entered on August 31.

Therefore, as an initial matter, we must consider the procedural posture of the appeal. Barton takes an interlocutory appeal from a motion to transfer, which is permitted, but then offers only a constitutional argument on appeal. At the outset we note that Barton has appealed from the transfer-denial order, which concluded his rights in the matter of juvenile transfer and by statute is immediately appealable. Ark. Code Ann. § 9-27-318. Thus, the issue of whether the trial court erred in its decision to deny Barton transfer is properly before this court. However, the appeal before us specifically limits the claim of error to only one issue — the constitutionality of the statute. In fact, in his jurisdictional statement, Barton states that he "raises but one point on appeal, to wit, that the trial court erred in denying his motion to hold the Arkansas juvenile-transfer statute, Ark. Code Ann. § 9-27-318 (Repl. 2002), unconstitutional as the denial of equal protection of the law and due process of law."

While it is well settled that interlocutory appeals are granted as a matter of statute or rule, and there is no right to such appeal granted by the Constitution of the United States, *Ellis v. State*, 302 Ark. 597, 598, 791 S.W.2d 370, 370 (1990), an appellant is permitted to make constitutional arguments in conjunction with a statutorily authorized argument — as in *Beck*. In *Beck*, the primary argument was the denial of a motion to transfer, but our supreme court also considered an equal-protection argument offered in conjunction with the denial-of-transfer argument. Although the *Beck* precedent permits us to hear any constitutional arguments Barton offered *in conjunction* with his transfer argument, in this case, the transfer denial and the constitutionality of the juvenile-transfer statute are separated by Barton's design. He filed two distinctly separate motions outlining each of his arguments — sufficiency and constitutionality — and received two separate rulings and

orders. He interlocutorily appeals the only order that he had a right to appeal — the transfer motion, yet makes no transfer argument.

Because Barton failed to offer any argument relating to the sufficiency of the evidence supporting the trial court's decision to deny him transfer to the juvenile division, he has not demonstrated a need for interlocutory relief. Accordingly, we affirm the trial court's denial of transfer because Barton's juvenile-transfer argument was abandoned on appeal. *Stacks v. Marks*, 354 Ark. 594, 600, 127 S.W.3d 483, 486 (2003). Further, we refuse to reach the merits of Barton's constitutional arguments at this stage of litigation because they are not made in conjunction with a valid interlocutory claim. It is axiomatic that the tail may not wag the dog.

Affirmed.

ROAF, J., agrees.

HART, J., concurs.

JOSEPHINE LINKER HART, Judge, concurring. I conclude that appellant's constitutional challenge of the juvenile-transfer statute was properly preserved for appellate review. Therefore, I would address the merits of appellant's argument. I would, however, affirm the circuit court's decision, and accordingly, I concur in the majority's affirmance.

In separate motions, appellant moved to transfer the case to juvenile court and moved to declare the juvenile-transfer statute unconstitutional. A hearing was held on both motions, and at the conclusion of the hearing, the court first orally denied appellant's challenge to the constitutionality of the statute and then denied appellant's motion to transfer. An order was filed denying appellant's motion to transfer the case to juvenile court, and the next day appellant filed a notice of interlocutory appeal from that order. On appeal, he challenges, as he did below, the constitutionality of the juvenile-transfer statute.

The majority concludes that because appellant did not, on appeal, make his constitutional challenge to the juvenile-transfer statute *"in conjunction"* with an argument challenging the sufficiency of the evidence to support the denial of the motion to transfer, "he has not demonstrated a need for interlocutory relief." Consequently, the majority declines to address appellant's consti-

tutional argument "at this stage of litigation because they are not made in conjunction with a valid interlocutory claim." I note that the majority does not cite any authority to support this proposition.[1]

I believe that the majority is wrong. The order appealed from, the denial of appellant's motion to transfer, was an appealable order, and appellant appealed from that order. *See* Ark. Code Ann. § 9-27-318(l) (Supp. 2005). And our appellate rules twice provide that "[a]n appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment." *See* Ark. R. App. P.–Civ. 2(b), 3(a) (2006); *Oliver v. State*, 312 Ark. 466, 851 S.W.2d 415 (1993) (raising on appeal only the denial of a motion for continuance in an interlocutory appeal from the denial of a motion to transfer). Accordingly, the denial of appellant's challenge to the constitutionality of the statute was brought up for review because it was an intermediate order that necessarily affected the appealable final order denying appellant's motion to transfer. If we found, as appellant argues, that in applying the statute the circuit court acted as a "rubber stamp" of the prosecutor, then it would affect the propriety of the circuit court's denial of the motion to transfer. Also, there is no statutory language requiring an appellant to challenge the sufficiency of the evidence before he can challenge the constitutionality of the statute in his appeal.

Further, the Arkansas Supreme Court has held that "an appeal from an order granting or denying transfer of a case from one court to another having jurisdiction over juvenile matters must be considered by way of interlocutory appeal, and an appeal from such an order after judgment of conviction in circuit court is untimely and will not be considered." *Hamilton v. State*, 320 Ark. 346, 350, 896 S.W.2d 877, 880 (1995). Thus, juvenile-transfer appeals can now only be made by interlocutory appeal. In support of its decision, the Arkansas Supreme Court noted that "[t]o allow a defendant who has been convicted in the superior court to question on appeal the propriety of the juvenile court's finding would afford him an opportunity to secure a reversal of a judgment of conviction even though he was found guilty after an errorless trial." *Id.* at 348, 896 S.W.2d at 879 (quoting *State v. Harwood*, 98

---

[1] I note further that the majority affirms the circuit court. Because the majority finds that appellant is not entitled to interlocutory relief, the proper disposition would be to dismiss the appeal. *See Barton v. State*, 366 Ark. 339, 235 S.W.3d 511 (2006).

Idaho 793, 572 P.2d 1228 (1977)). Also, the Arkansas Supreme Court noted that "it is in the accused's best interest to seek immediate relief from an improper finding in the juvenile court so he may be spared the burden and public scrutiny associated with a criminal trial," and "the delay inherent in criminal prosecutions may substantially prejudice a juvenile court reconsideration of its prior finding of unfitness should the cause be remanded after a review of criminal proceedings." *Id.* at 349, 896 S.W.2d at 879. I believe that this reasoning would likewise demand that a constitutional challenge to the juvenile-transfer statute be heard on interlocutory appeal as well, even if an appellant does not challenge the sufficiency of the evidence to support the transfer.

Finally, the Arkansas Supreme Court has observed that a constitutional challenge to the juvenile-transfer statute "would have been made more appropriately by a direct appeal from the circuit court's transfer order." *Webb v. State*, 318 Ark. 581, 586, 886 S.W.2d 624, 626 (1994). Thus, the proper time to raise this constitutional challenge is now, on appeal from the denial of the motion to transfer.

Given this precedent, and the absence of precedent to the contrary, I conclude that the proper time to appeal a constitutional challenge to the juvenile-transfer statute is in this interlocutory appeal from the order denying transfer, even if the appellant does not challenge the sufficiency of the evidence to support the transfer. The juvenile-transfer statute does not require — and no advantage results — from delaying the challenge to the constitutionality of the juvenile-transfer statute until appellant makes a direct appeal from a criminal conviction on the charges presented here. In fact, our appellate rules and the applicable case law require the constitutional challenge to be made in an interlocutory appeal. In my estimation, given the applicable precedent and the majority's conclusion, appellant cannot ever challenge the constitutionality of the juvenile-transfer statute. Thus, I would address the merits of appellant's constitutional challenge and affirm.