

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-12-1113

| | |
|---|---|
| CHRISTOPHER SHARPE | **OPINION DELIVERED** AUGUST 28, 2013 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. CR-2011-4198] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BARRY SIMS, JUDGE |
| APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Christopher Sharpe appeals from his conviction by the Pulaski County Circuit Court on a charge of Class D felony fleeing. Appellant's sole point on appeal challenges the sufficiency of the evidence supporting his conviction. Specifically, he argues that the State failed to introduce substantial evidence that his conduct of fleeing in a vehicle from the police created a substantial danger of death or serious physical injury to another person. We affirm.

On December 6, 2011, the State filed an information against appellant alleging that he committed, on September 27, 2011, Class D felony fleeing, pursuant to Arkansas Code Annotated section 5-54-125(a), (d)(2) (Supp. 2011). The information also alleged that appellant was a habitual offender, pursuant to Arkansas Code Annotated section 5-4-501(b)(1) (Supp. 2011).

A jury trial was held on August 21, 2012. The State's proof of appellant's guilt was provided primarily through the testimony of North Little Rock Police Officer Chris Brown, who conducted the actual pursuit of appellant.[1] Appellant moved for a directed verdict after the State rested its case-in-chief, and the trial judge denied the motion without a response from the State or an explanation. The defense then rested without presenting additional evidence. The jury found appellant guilty, and he was sentenced, as a habitual offender, to pay a fine of $5,000 and to serve fifteen years' imprisonment in the Arkansas Department of Correction pursuant to a sentencing order filed on August 27, 2012. He filed a timely notice of appeal on September 24, 2012.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Holloway v. State*, 2011 Ark. App. 52, at 2. Evidence of a defendant's guilt is sufficient if the evidence is substantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion beyond suspicion or conjecture. *Id.* When reviewing the sufficiency of the evidence, this court considers the evidence in the light most favorable to the State and considers only evidence that tends to support the guilty verdict. *Id.*

Appellant contends that Officer Brown's testimony did not constitute substantial evidence that his conduct created "a substantial danger of death or serious physical injury to another person" as required by Arkansas Code Annotated section 5-4-125(d)(2). Appellant specifically acknowledges that since 1998 this court has handed down four published cases

---

[1] Officer Yancey Wade Tollett assisted Officer Brown that day, but his testimony detailed the first sighting of appellant and after the chase ended. Officer Tollett did not accompany Officer Brown in the actual pursuit of appellant.

SLIP OPINION

affirming Class D felony-fleeing convictions that have facts substantially similar to the facts in this case with regard to the appellant's having driven a vehicle in a way that created a substantial danger of death or serious physical injury. *See Holloway*, *supra*; *Warren v. State*, 2010 Ark. App. 226, at 3-4; *Pierce v. State*, 79 Ark. App. 263, 265–66, 86 S.W.3d 1, 2 (2000); *Weeks v. State*, 64 Ark. App. 1, 5, 977 S.W.2d 241, 243 (1998). Appellant requests that we overrule the *Holloway-Weeks* line of cases, maintaining that it is impossible to read the facts of the *Holloway-Weeks* cases and the facts of this case to determine what conduct constitutes the creation of a substantial danger of death or serious physical injury, as opposed to what conduct constitutes the creation of a moderate, or minimal, danger of death or serious physical injury.

We first note that appellant has abandoned his sufficiency challenge. Initially in his brief, he contends, as he did at trial, that the evidence was insufficient proof that his conduct—including speeding and running stop signs at 5:00 p.m. on a Tuesday afternoon—created a substantial danger of death or serious physical injury to another person. But he fails to develop that argument, abandoning it instead to focus on this court's four published cases with "substantially the same" facts as those found in his case. He asks, for the first time on appeal, that those cases be overruled on vagueness grounds.

When an appellant fails to make an argument on appeal, it is deemed abandoned. *See, e.g.*, *Stewart v. State*, 67 Ark. App. 1, 992 S.W.2d. 147 (1999), *rev'd in part on other grounds*, 338 Ark. 608, 999 S.W.2d 684 (1999); *see also Barton v. State*, 96 Ark. App. 23, 237 S.W.3d 512 (2006). Additionally, a party cannot obtain relief by raising an argument for the first time



on appeal, but is bound by the nature and scope of the arguments made below. *Tyler v. State*, 2013 Ark. App. 212, at 2. Even a proposed challenge to the validity of controlling precedent on appeal must first be raised in the trial court. *See State v. Fuson*, 355 Ark. 652, 144 S.W.3d 250 (2004).

Moreover, the Arkansas Supreme Court has settled that felony fleeing as defined in Arkansas Code Annotated section 5-54-125(d)(2) is not unconstitutionally vague, and that the crime encompasses "speeding and fleeing on a busy" street. *Jefferson v. State*, 372 Ark. 307, 276 S.W.3d 214 (2008) (rejecting Jefferson's vagueness challenge that his flight on the interstate is not encompassed by felony fleeing). Despite appellant's doubt about this court's previous cases, the Arkansas Supreme Court in *Jefferson* settled the question that conduct similar to appellant's "constitutes the creation of a *substantial* danger of death or serious physical injury[.]" We cannot overrule *Jefferson*, which appears to be on point. *Selrahc Ltd. P'ship v. Seeco, Inc.*, 2009 Ark. App. 865, 374 S.W.3d 33.

Even were the court to reach his sufficiency challenge, this court's previously mentioned cases would control. Under our standard of review, the evidence is viewed in the light most favorable to the State, and Officer Brown's testimony regarding appellant's conduct constitutes substantial evidence to support the conviction on charges of fleeing. Testimony indicates that during his vehicular flight from police, appellant crossed double-yellow lines to pass other vehicles stopped at a stoplight, almost hit a car in heavy five o'clock traffic; he outran the pursuing officer who was traveling seventy to eighty miles per hour to catch him in a forty-mile-per-hour zone; the officer thought appellant's vehicle would turn



over as he cornered quickly near four pedestrians; and appellant thereafter ran three stop signs.

As in *Warren*, *supra*, it is especially significant that appellant ran a stoplight and several stop signs. Moreover, we held in *Holloway*, 2011 Ark. App. 52, at 3, that a "driver who initiates a high-speed chase on a busy city street, driving through red lights, passing traffic, [and] running several stop signs . . . substantially increases the risk of serious injury or death" to bystanders and other drivers.

Affirmed.

WALMSLEY and HARRISON, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Att'y Gen., for appellee.