Cite as 2019 Ark. App. 348

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-76

| | | |
|---|---|---|
| | | **Opinion Delivered:** August 28, 2019 |
| BRIAN TAYLOR | | |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-17-354] |
| V. | | |
| | | HONORABLE ALEX GUYNN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

### KENNETH S. HIXSON, Judge

Appellant Brian Taylor was convicted in a bench trial of simultaneous possession of drugs and firearms, being a felon in possession of a firearm, possession of cocaine with the purpose to deliver, possession of methamphetamine with the purpose to deliver, and possession of alprazolam with the purpose to deliver. For these offenses, Taylor was sentenced to concurrent prison terms of ten years, five years, five years, five years, and one month. Taylor's sole point on appeal is that it was error to sentence him for both simultaneous possession of drugs and firearms and being a felon in possession of a firearm because it violated the Fifth Amendment's prohibition against double jeopardy. We affirm.

Arkansas State Police Officer Zack Varnell testified that he was patrolling Interstate 530 one night when he clocked Taylor's vehicle at 90 miles an hour. Officer Varnell stopped Taylor for speeding. When Officer Varnell approached the driver's side of the vehicle Taylor did not roll his window down. Officer Varnell saw Taylor manipulating

something on the floorboard, and he observed an open Crown Royal bag with a pill bottle in view. Then Officer Varnell saw Taylor in possession of a pistol, which Taylor placed in the "center cubbyhole of the ceiling." Officer Varnell drew his sidearm and removed Taylor from the vehicle. Officer Varnell then removed the pistol from the cubbyhole. Upon inspecting the Crown Royal bag, Officer Varnell found baggies containing a white powdery substance later determined to be cocaine. Officer Varnell also seized various pills, some of which contained methamphetamine, and some of which contained alprazolam. The State introduced documentation showing that Taylor had previously been convicted of multiple felonies.

The only point raised by Taylor on appeal is a double-jeopardy argument. The Double Jeopardy Clause of the Fifth Amendment protects criminal defendants from multiple punishments for the same offense. *Campbell v. State*, 2017 Ark. App. 340, 525 S.W.3d 465. In his point on appeal, Taylor claims that his sentences for simultaneous possession of drugs and firearms and being a felon in possession of a firearm violated the Double Jeopardy Clause of the Fifth Amendment. Although not listed as separate points on appeal, within the argument section of point one, Taylor also appears to argue that his right against double jeopardy was violated by his convictions for possession of cocaine with the purpose to deliver and possession of methamphetamine with purpose to deliver, and by his convictions for possession of illegal drugs with the purpose to deliver and simultaneous possession of drugs and firearms. We conclude that none of Taylor's double-jeopardy claims are preserved for review because they were not timely raised below.

2

The only double-jeopardy argument raised by Taylor below was made in his motion for directed verdict[1] after the State rested its case. In making his motion, Taylor argued that simultaneous possession of drugs and firearms and being a felon in possession of a firearm alleged the same elements and that his being charged twice for the same offense constituted double jeopardy. Taylor made no other double-jeopardy arguments. However, even the double-jeopardy argument that he did raise was ineffective to preserve the issue for appeal because it was made prematurely before he was convicted of any offense.

The controlling case is our supreme court's decision in *Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001). Similar to this case, the appellant in *Brown* raised a double-jeopardy argument in his motion for directed verdict. The supreme court held that this was ineffective to preserve the double-jeopardy argument for appeal:

> We agree with the State that this issue is not preserved . . . . We believe that raising the issue of double jeopardy in a motion for directed verdict was premature since the motion at that stage of the proceedings could only relate to *charged* offenses. After the jury's verdicts on the various convictions were returned, Brown failed to make any motion whatsoever. Brown's issue on appeal clearly relates to multiple *convictions* for the same conduct and not to multiple *charges* for the same conduct, and our Criminal Code makes this distinction very clear:
>
>> When the same conduct of the defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense.
>
> Ark. Code Ann. § 5-1-110(a)(1) (Repl. 1997).[2] Thus, a defendant cannot object to a double jeopardy violation until he has actually been convicted of the multiple offenses, because it is not a violation of double jeopardy under § 5-1-110(a)(1) for the State to charge and prosecute on multiple and overlapping charges. It was only

---

[1]Although Taylor made what he called a directed-verdict motion below, because this was a bench trial, it was technically a motion for dismissal.

[2]This provision in the Arkansas Code has remained unchanged. *See* Ark. Code Ann. § 5-1-110(a)(1) (Repl. 2013).

after the jury returned guilty verdicts on both offenses that the circuit court would be required to determine whether convictions could be entered as to both based on the same conduct. *See* Ark. Code Ann. § 5-1-110(a)(1) (Repl. 1997).

Because Brown moved for a directed verdict based on double jeopardy before he was convicted of any offense, his motion was ineffective. Because he then failed to object after the jury convicted him of both charges, he waived his double jeopardy argument for purposes of appeal. We conclude that the circuit court committed no error as to double jeopardy, and we affirm the court on this point.

*Brown*, 347 Ark. at 317, 65 S.W.3d at 399−400 (case citations omitted).

Pursuant to our supreme court's holding in *Brown*, a defendant cannot object to a double-jeopardy violation based on overlapping charges in the same prosecution until he has actually been convicted of multiple offenses, and if he fails to object after being convicted, his double-jeopardy argument is waived. Here, Taylor's motion for dismissal based on double jeopardy was ineffective because he had not yet been convicted of any offense. Because none of the double-jeopardy arguments raised in this appeal were raised to the trial court after he was actually convicted, these arguments have been waived.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Bill Luppen*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.