Cite as 2023 Ark. App. 497

# ARKANSAS COURT OF APPEALS
## DIVISION II
#### No. CR-22-707

|  |  |
|---|---|
| AARON SCOTT TAYLOR<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered November 1, 2023<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-19-1159]<br><br>HONORABLE KEN CASADY, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

**CINDY GRACE THYER, Judge**

Appellant Aaron Taylor was convicted by a Saline County jury of four counts of failure to appear and was sentenced as a habitual offender to a total of twenty-four years in prison. On appeal, he challenges the sufficiency of the evidence supporting his convictions. We find no error and affirm; however, the sentencing order contains clerical errors that require us to remand for correction.

## I. *Factual and Procedural Background*

Taylor was arrested on June 19, 2019, during a parole search in which he was found to be in possession of methamphetamine and syringes. On June 21, Taylor signed a pretrial release order directing him to appear in court on August 6. Taylor failed to appear on that date, and an arrest warrant was issued on September 16. He signed another pretrial release order acknowledging a court date of November 5. He again failed to appear on that date,

and another arrest warrant was issued on November 21. He signed yet another pretrial release order giving him a court date of January 7, 2020. The State filed a criminal information on December 30, 2019, charging Taylor with one count of possession of a controlled substance and two counts of failure to appear.

Taylor failed to appear again at his January 7, 2020 court date, and the State filed an amended information on January 13 to add a third count of failure to appear. An arrest warrant was issued on January 25; Taylor was ordered to appear in court on August 26, 2020, but once again, he did not do so. The State subsequently filed yet another amended information charging Taylor with four counts of failure to appear.[1] This amended information also charged Taylor with being a habitual offender, having previously been found guilty of four or more felonies.

The charges against Taylor proceeded to a jury trial on April 8, 2022. After presenting its witnesses regarding the drug charges, the State called Leah Redmon, the chief clerk of the Saline County District Court, to introduce copies of the August 6, November 5, and January 7 pretrial release orders as well as the multiple arrest warrants. She testified without objection that Taylor had signed each of the pretrial release orders. Redmon explained that before an arrest warrant for a failure to appear is issued, court staff will look to see if the court had been notified of a valid excuse. She noted that the court had not received a valid excuse for any of the dates on which the arrest warrants for Taylor had been issued. Heather Hunter,

---

[1]Each amended information continued to charge Taylor with one count of possession of a controlled substance.

deputy clerk in the Saline County Circuit Clerk's Office, introduced the order to appear associated with the August 26, 2020 court date; it too was signed by Taylor.

After moving for a directed verdict, which was denied, Taylor testified on his own behalf. After addressing the drug charges, Taylor testified about his failures to appear. Taylor did not dispute he signed each of the pretrial release orders at issue; rather, his testimony focused on the reasons he failed to appear. As to the missed August 6, 2019 court date, Taylor said that he had been robbed and assaulted as he left the casino in Hot Springs. He said he was hit in the back of the head and sustained a mild concussion, although he did not go to the hospital. He did not recall the exact date, but he said it was "right around" August 6 and "definitely before" that date. Taylor said he missed the November 5, 2019 court date because he was sick with what he assumed was COVID-19.[2]

Taylor asserted that he missed the January 7, 2020 court appearance because he had been at his father's funeral, explaining that his father had died on December 23, and the funeral had been a week later. He said that he was "consoling the family a little bit and, you know, trying to hold things together a little bit there." And finally, with respect to the August 26, 2020 failure to appear, Taylor asserted that he was under the impression that a plea deal had been negotiated, there was no further court action taking place, and there was no need for him to be present for anything.

---

[2]Taylor's attorney acknowledged that this date was "about two or three months before we had the official COVID crisis."

On cross-examination, the State challenged Taylor's explanation for each of his failures to appear. As to the August 6, 2019 date, Taylor acknowledged that he had not filed a police report following the alleged assault that kept him from court on that date, suggesting that he "had been assaulted and hit in the head, so maybe I wasn't thinking very clearly." He conceded that he had not gone to the doctor in connection with the illness that caused him to miss court on November 5, 2019. Regarding the January 7, 2020 failure to appear following his father's funeral, Taylor said that he was "a little bit distraught," and his court date was "not in the top of [his] mind." With respect to the August 26, 2020 missed court date, Taylor conceded that he had an extensive criminal history, and he knew he was supposed to be in court to sign paperwork in conjunction with a guilty plea. He admitted that he "didn't read that piece of paper [telling him to be in court on August 26, 2020] very thoroughly." Finally, Taylor acknowledged that he had no one to corroborate the fact of his illness in November, his presence at his father's funeral, or where he was on August 26.

Taylor renewed his directed-verdict motion, arguing that he had offered reasonable excuses for his failures to appear. The motion was denied. The jury subsequently acquitted Taylor of the drug charge but convicted him on all four counts of failure to appear. The jury recommended a sentence of six years on each count, to be served consecutively. The sentencing order reflecting Taylor's convictions and sentences was entered on April 11, 2022, and Taylor timely appealed. On appeal, he argues that the circuit court should have granted his motion for a directed verdict because he provided a reasonable excuse for each of his failures to appear.

4

## II. *Standard of Review*

On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Gervais v. State*, 2018 Ark. App. 161, at 1, 544 S.W.3d 590, 592. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*, 544 S.W.3d at 592. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* at 2, 544 S.W.3d at 592. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*, 544 S.W.3d at 592. We do not, however, weigh the evidence presented at trial, as that is a matter for the fact-finder, nor will we weigh the credibility of the witnesses. *Id.*, 544 S.W.3d at 592.

## III. *Analysis*

A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been lawfully set at liberty upon condition that he or she appear at a specified time, place, and court. Ark. Code Ann. § 5-54-120(b)(2) (Repl. 2016). Failure to appear is a Class C felony if the required appearance was in regard to a pending charge or disposition of a felony charge either before or after a determination of guilt of the felony charge. Ark. Code Ann. § 5-54-120(c)(1).

To be convicted of failure to appear under Arkansas Code Annotated section 5-54-120(b)(2), our supreme court has explained that the State must prove that the defendant (1) failed to appear, (2) without a reasonable excuse, (3) after having been lawfully set at liberty,

5

and (4) upon the condition that he appear at a specified time, place, and court. *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005). Documentary proof of a judge's verbal or written order to appear in court at a specific time and place is required. *Id.* Reasonable excuse is a defense for failure to appear. *Hyatt v. State*, 2020 Ark. App. 390, at 6, 607 S.W.3d 180, 184.

Taylor does not dispute that he was ordered to appear in court on August 6, 2019, November 5, 2019, January 7, 2020, and August 26, 2020; nor does he dispute that he failed to appear in court on those days. Instead, he argues only that he had reasonable excuses for not appearing in court. He contends that the State presented no evidence to rebut his testimony regarding his excuses; therefore, his testimony should be taken as uncontroverted. In essence, he maintains that his explanations were objectively reasonable, and the State failed to meet its burden of proof. We disagree.

Taylor couches his argument in terms of the State's failure to prove that his excuses were not reasonable; however, it is *the defendant's* obligation to establish to the satisfaction of the jury that he or she had a reasonable excuse for his or her failure to appear. *Hyatt*, *supra*; *Payne v. State*, 21 Ark. App. 243, 731 S.W.2d 235 (1987). Although Taylor argues that he put forward proof of reasonable excuses for his failures to appear, his argument relies entirely on the premise that the State did not do enough to discredit his testimony. This, however, goes to the credibility of his testimony. This court does not attempt to weigh the evidence or assess the credibility of witnesses; that duty lies solely with the trier of fact. *Harmon v. State*,

340 Ark. 18, 8 S.W.3d 472 (2000) (holding that we are bound by the fact-finder's determination of the credibility of witnesses).

Moreover, despite Taylor's contention that his testimony was "uncontroverted," a jury is not required to believe a defendant's self-serving testimony. *See Brooks v. State*, 2016 Ark. 305, 498 S.W.3d 292; *Hyatt*, 2020 Ark. App. 390, at 6, 607 S.W.3d at 184 ("[W]e have long held that the trier of fact is free to believe all or part of a witness's testimony"); *McClain v. State*, 2016 Ark. App. 205, 489 S.W.3d 179 (defendant provided no evidence to the fact-finder beyond his own bare assertion that he was in the hospital when he was supposed to be in court, and the fact-finder clearly did not believe defendant's account).

Here, the jury clearly did not find Taylor's testimony credible or his excuses reasonable. We will not reweigh the evidence or the jury's assessment of his credibility. We therefore affirm Taylor's convictions for failure to appear.

There are, however, clerical errors on the sentencing order. Although the latest amended information charged Taylor as a habitual offender and the jury was instructed accordingly, the sentencing order does not reflect that Taylor was sentenced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501 (Supp. 2023). The circuit court is free to correct a clerical error to have the judgment speak the truth; therefore, we remand to the circuit court with instructions to correct the sentencing order by marking the boxes indicating that Taylor was sentenced as a habitual offender on all four offenses. *See Roberts v. State*, 2023 Ark. App. 115, at 12, 662 S.W.3d 668, 676.

Affirmed; remanded to correct sentencing order.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.