Cite as 2025 Ark. App. 173

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CR-24-407

|  |  |  |
|---|---|---|
| JOSEPH STAGGS | | Opinion Delivered March 19, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT |
| V. | | [NO. 63CR-23-743] |
| STATE OF ARKANSAS | | HONORABLE KEN CASADY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

Joseph Staggs appeals his conviction by the Saline County Circuit Court for fleeing (Class C felony) and the circuit court's decision to run his sentences in this case consecutively to the sentences in related case No. CR-24-406 (63CR-23-314), *Staggs v. State*, 2025 Ark. App. 172, ___ S.W.3d ___. We affirm.

## I. *Relevant Facts*

On March 5, 2024, Joseph Staggs was charged as a habitual offender with one count of fleeing, one count of possession of a controlled substance, and one count of failure to appear. A bench trial was set for the possession and failure-to-appear (FTA) charges related to 63CR-23-314. A separate bench trial was set for the fleeing charge related to 63CR-23-743. Staggs and the State agreed to combine the sentencing phase for both cases. The court accepted the arrangement, and the trial on the possession and FTA charges proceeded. *See*

*Staggs*, 2025 Ark. App. 172, ___ S.W.3d ___. Staggs was found guilty of both possession and FTA.

At the second bench trial, Sergeant Tim Preator of the Saline County Sheriff's Office testified that on April 14, 2023, he was near Sawmill Road and Arch Street when he saw a blue SUV traveling south on Arch Street with its headlights off. Preator attempted a traffic stop, turning on his blue lights and siren, but the vehicle continued on Arch Street toward Highway 167. The driver, Staggs, made a rude hand gesture toward Preator and continued onto Highway 167 at the speed limit or slightly under. Staggs then changed lanes, driving north in the southbound lanes for about a hundred yards. Preator testified that Staggs then returned to the northbound lane and sped up to about eighty miles an hour. While Preator was following him, Staggs abruptly stopped the car on the highway. Immediately after that, Staggs sped back up to the speed limit and drove toward Interstate 530. Meanwhile, the Arkansas State Police responded to the Saline County Sheriff's Office's request for assistance. A highway patrol officer caught up to Staggs and conducted a tactical vehicle intervention (TVI), stopping Staggs's vehicle. Preator and two other officers arrested Staggs. Preator recalled that when apprehended by law enforcement, Staggs was "hysterical" and asked the officers if they were going to kill him. He also stated that he wanted the state police to assist him because members of the Saline County Sheriff's Office were going to kill him. Preator testified that during the pat down for weapons, officers found two bags containing a white crystalline substance in Staggs's personal possession.

Officer Christopher Yates testified that on April 14, 2023, he was patrolling the Sardis area when Sergeant Preator called for backup. He joined in Staggs's pursuit at the northbound ramp to Highway 167 and Interstate 530. When Yates arrived, he saw a blue Chevrolet Trailblazer with its emergency lights activated. Yates testified that Staggs was driving recklessly, and he recalled that Staggs slammed on his brakes, "swerving from the fast lane to the slow lane, in and out of both lanes of traffic not signaling[.]" Yates testified that the Arkansas State Police officer conducted the TVI, and the pursuit ended. Yates also stated that Staggs was hysterical, screaming that the Saline County Sheriff's Office was after him and trying to kill him. During the pat down for weapons, Yates found a small baggie in Staggs's front pocket that contained a white crystalline substance. During the pat down, a larger bag of a white crystalline substance fell out of Staggs's pant leg. The substance was later analyzed by the Arkansas State Crime Laboratory and determined to be methamphetamine.

Officer Joseph Killian of the Arkansas State Police testified that he joined the pursuit and conducted the TVI. The video from his patrol car showing his pursuit of Staggs was admitted into evidence and played for the court. Additionally, Leah Redmon, the Saline County District Court chief clerk, testified that Staggs had been ordered to appear at Saline County District Court on May 23, 2023, at 1:00, and he failed to do so.

At the close of the State's case, Staggs moved for a directed verdict regarding both the fleeing and the FTA charges. He argued that there was no evidence that he knew a law enforcement officer was attempting his arrest or detention. Staggs asserted that the State did not prove that the fleeing offense rose to the level of a Class C felony as charged, and he

3

argued that the State failed to show that he fled by means of a vehicle manifesting extreme indifference to the value of human life. Staggs asserted there was no evidence that when he drove the wrong way on Highway 167 there was oncoming traffic, "so he didn't present any, you know, harm." Additionally, Staggs contended that he drove eighty miles an hour only very briefly, and the rest of the time he was traveling at the speed limit. The court denied the directed-verdict motion. The defense did not present any witnesses and renewed the motion to dismiss, which was again denied.

The court found Staggs guilty of both fleeing and FTA. The sentencing hearing for the previous case and the instant case proceeded. Staggs was sentenced to concurrent sentences of six years for possession of methamphetamine and six years for FTA in 63CR-23-314. In the instant case, the court sentenced Staggs to concurrent sentences of ten years for fleeing and six years for FTA. The circuit court ordered that the sentences for each case were to run consecutively for a total of sixteen years' incarceration in the Arkansas Division of Correction. Staggs timely filed his notice of appeal, and this appeal followed.

II. *Discussion*

For his first and second points on appeal, Staggs argues that sufficient evidence does not support his conviction for Class C felony fleeing, and the court erred by denying his motion for directed verdict.[1] Specifically, Staggs argues that there was reasonable doubt

---

[1]Although Staggs moved for a directed verdict, a motion for directed verdict at a bench trial is a motion to dismiss. *Foster v. State*, 2015 Ark. App. 412, 467 S.W.3d 176. A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are both challenges to the sufficiency of the evidence. *Id.*; *see* Ark. R. Crim. P. 33.1.

regarding whether he manifested extreme indifference to the value of human life or created a substantial danger of death or serious physical injury to another person. Staggs's argument is not well taken.

A motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence. *Burton v. State*, 2023 Ark. App. 271, at 4, 667 S.W.3d 567, 570. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* The credibility of witnesses is an issue for the fact-finder. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

Arkansas Code Annotated section 5-54-125(a) (Supp. 2023) provides that "[i]f a person knows that his or her immediate arrest or detention is being attempted by a duly authorized law enforcement officer, it is the lawful duty of the person to refrain from fleeing, either on foot or by means of any vehicle or conveyance." Ark. Code Ann. § 5-54-125(a).

Arkansas Code Annotated section 5-54-125(d)(3) provides,

> Fleeing by means of any vehicle or conveyance is considered a Class C felony if, under circumstances manifesting extreme indifference to the value of human life, a person purposely operates the vehicle or conveyance in such a manner that creates a substantial danger of death or serious physical injury to another person.

Staggs contends that he sped briefly for only about a hundred yards, and there was testimony that there were no other vehicles on the roads along which he traveled; thus, no one was in danger of death or physical injury due to his driving. We disagree.

There is no exhaustive list of examples of conduct that constitutes purposely driving in a manner that creates a substantial danger of death or serious physical injury for purposes of the felony-fleeing statute. *See Fish v. State*, 2022 Ark. App. 486, at 4, 655 S.W.3d 748, 750; *Medley v. State*, 2016 Ark. App. 79. Viewed in the light most favorable to the State, the record before us demonstrates there is substantial evidence to support Staggs's conviction for Class C felony vehicular fleeing. Law enforcement officers testified that Staggs drove on the wrong side of the highway; slammed on his brakes in front of the pursuing officer; drove over the speed limit; changed lanes erratically; and, by refusing to stop, caused Officer Killian to conduct a dangerous TVI maneuver that put both their lives at risk. The testimony adduced at trial is sufficient to establish that Staggs manifested extreme indifference to the value of human life by operating a vehicle in such a manner as to create a substantial danger of serious physical injury or death to another. *See Sharpe v. State*, 2013 Ark. App. 436. On this point, we affirm.

Staggs also propounded the argument that pursuant to Ark. Code Ann. § 5-54-125(d)(2), the lesser charge of Class D felony vehicular fleeing was proved in his case, but he

was not charged under that statute; thus, the conviction must be reversed.[2] For the reasons stated above, we reject Stagg's argument.

For his third point on appeal, Staggs contends that if this court reverses his fleeing conviction, then the court abused its discretion by ordering that the sentence in the instant case be served consecutively to the sentences in case 63CR-23-314. Because we affirm Staggs's fleeing conviction, we do not reach this argument.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[2]Fleeing by means of any vehicle or conveyance is considered a Class D felony if the person operated the vehicle or conveyance in excess of the posted speed limit. Ark. Code Ann. § 5-54-125(d)(2).