Cite as 2025 Ark. App. 172

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-24-406

| | | |
|---|---|---|
| JOSEPH STAGGS | | Opinion Delivered March 19, 2025 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT |
| V. | | [NO. 63CR-23-314] |
| STATE OF ARKANSAS | | HONORABLE KEN CASADY, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

The Saline County Circuit Court convicted appellant Joseph Staggs of possession of a controlled substance and failure to appear for which he was sentenced to concurrent terms of six years' imprisonment. On appeal, Staggs argues that there was insufficient evidence to support his conviction for failure to appear; that the trial court erred in denying his directed-verdict motion; and that the trial court abused its discretion in running the aggregate six-year prison term he received in this case consecutively to the sentence he received in a separate case.[1] We affirm.

---

[1]This case was tried back to back below with underlying case No. 63CR-23-743, which is on appeal in *Staggs v. State*, 2025 Ark. App. 173, ___ S.W.3d ___, appellate case No. CR-24-407, and the cases had a combined sentencing phase. The records for both cases share the same trial transcript but have separate pleadings.

## I. *Background*

Leah Redmon, chief clerk of the Saline County District Court in Benton, testified that Staggs appeared in court for a bond hearing on April 10, 2023. She said that a sheriff's bond was set for Staggs's possession-of-a-controlled-substance charge and that Staggs was given the "call-back date" of May 23, 2023, at 1:00 p.m. She identified a pretrial-release order dated April 10 stating that the defendant is ordered to appear before the district court on May 23 at 1:00 p.m. At the bottom of the order is an "acknowledgment of receipt" signed by Staggs. Redmon stated that Staggs failed to appear on May 23. She identified a warrant dated May 24 that had been issued for Staggs's arrest for his failure to appear on May 23. Redmon further testified that there was no indication that Staggs had received a copy of the May 24 order to forfeit bond stating that Staggs had been ordered to appear on May 24 and failed to appear on that date.

The trial court found Staggs guilty of possession of a controlled substance and failure to appear and sentenced him to concurrent six-year terms of imprisonment. The trial court noted that the aggregate six-year term in this case will run consecutively to the ten-year aggregate term of imprisonment imposed in case No. 63CR-23-743.

II. *Discussion*

A. Sufficiency of the Evidence

Staggs's first two points deal with the sufficiency of the evidence supporting his failure-to-appear conviction.[2] A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are both challenges to the sufficiency of the evidence. *Waits v. State*, 2024 Ark. App. 550, 701 S.W.3d 17; Ark. R. Crim. P. 33.1. In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Taylor v. State*, 2023 Ark. App. 497, 678 S.W.3d 455. We do not weigh the evidence presented at trial since that is a matter for the fact-finder, nor will we weigh the credibility of the witnesses. *Id.* The fact-finder is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

A person commits the offense of failure to appear if he fails to appear without reasonable excuse subsequent to having been lawfully set at liberty upon condition that he appear at a specified time, place, and court. Ark. Code Ann. § 5-54-120(b)(2) (Supp. 2021). Documentary proof of a judge's verbal or written order to appear in court at a specific time

---

[2]Staggs does not challenge the sufficiency of the evidence supporting his conviction for possession of a controlled substance.

and place is required. *Hyatt v. State*, 2020 Ark. App. 390, 607 S.W.3d 180. Staggs argues that there was clearly confusion over when he was to appear given the conflicting dates on court documents: the pretrial-release order and the order to forfeit bond. He maintains that this discrepancy created a reasonable excuse for his failure to appear.

Considering only the evidence that supports the verdict, the State presented documentary proof that Staggs had been ordered to appear at the Saline County District Court on May 23 at 1:00 p.m. Staggs had signed the pretrial-release order acknowledging that he had received it, and then he failed to appear. Staggs wants us to consider evidence that *does not* support the verdict—a clerical error with the date of May 24 on an order to forfeit bond—but there was no indication that Staggs received a copy of that order, and the order was clearly generated after Staggs had already failed to appear. It is within the trial court's province to resolve conflicts and inconsistencies in the evidence. We hold that there is substantial evidence to support Staggs's failure-to-appear conviction.

## B. Consecutive Sentences in Separate Cases

Staggs cites Ark. Code Ann. § 5-4-403(a) (Supp. 2021), which provides that when multiple sentences of imprisonment are imposed on a defendant convicted of more than one offense, the sentences shall run concurrently unless, upon recommendation of the jury or the court's own motion, the court orders that the sentences be run consecutively. *Cherry v. State*, 2024 Ark. App. 249, 688 S.W.3d 164. Staggs concedes that he is "hampered" by this statute and, citing *Rickman v. State*, 2020 Ark. 138, 597 S.W.3d 622, says that he is well aware that the question of whether two separate sentences should run consecutively or concurrently

4

lies solely within the province of the trial court and that he assumes a heavy burden of showing that the trial court failed to give due consideration to the exercise of its discretion in the matter of consecutive sentences. Nevertheless, Staggs asserts that "we don't have anything else but the trial court's assertion that [he] should serve consecutive sentences based on his significant criminal history," but he argues that part of that history is based on the failure-to-appear conviction here and his fleeing conviction on appeal in the companion case, *Staggs v. State*, 2025 Ark. App. 173, ___S.W.3d ___. Staggs argues that "[s]hould the failure to appear charge be dismissed in this matter, that fact should play into the trial court's decision to sentence [him] to consecutive sentences. Failure to consider such a dismissal would amount to an abuse of discretion[.]"

As a preliminary matter, the trial court did not impose consecutive sentences because of Staggs's significant criminal history. Referring specifically to Staggs's fleeing conviction in the other case, the trial court called that offense "dangerous and inexcusable" and then said, "[B]ecause of your significant criminal history and your continued lack of respect for the system and law enforcement, I'm sentencing you to ten years." The trial court did not explain its decision that Staggs's sentences in the separate cases before it be served consecutively, nor was it required to do so. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000).

In any event, Staggs's argument is not preserved because he raised no objection below. When an appellant does not object to the imposition of consecutive terms of imprisonment, the appellate courts will not address the argument on appeal. *Brown v. State*, 326 Ark. 56,

931 S.W.2d 80 (1996). Also, because we affirm Staggs's convictions on appeal in both cases in opinions handed down today, Staggs's argument is moot.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.