Cite as 2026 Ark. App. 227

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CR-25-262

| | |
|---|---|
| SHERREL COURVELLE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** April 8, 2026<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-23-712]<br><br>HONORABLE KARA A. PETRO, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Sherrel Courvelle appeals her three failure-to-appear convictions for which she received a fifteen-year prison sentence for each count, to be served consecutively. She was also ordered to pay a $1,000 fine on each count. Courvelle argues that (1) substantial evidence does not support the convictions because she had a reasonable excuse for failing to appear in court as she was required to do; and (2) two of her three failure-to-appear convictions should be reversed and dismissed on double-jeopardy grounds. We affirm the convictions.

On August 22, 2023, Courvelle failed to appear before the Garland County Circuit Court for a disposition hearing for three felony cases: 26CR-19-84; 26CR-21-123; and 26CR-21-531. Consequently, on October 6, the State filed a criminal information charging Courvelle with three counts of Class C felony failure to appear with a habitual-offender enhancement for having previously been found guilty of four or more felonies.

A jury trial was held on September 23, 2024. John Muldoon, owner and president of H&H Bail Bond Company ("H&H"), testified that the company posted three bonds on Courvelle, each one for a separate felony case. He stated that he received notice from the court that Courvelle failed to appear for her August 22, 2023 court date. H&H immediately reached out to Courvelle using the personal information she provided on the bond contracts. She failed to answer or return H&H's phone calls. Muldoon then began visiting her known addresses in an attempt to apprehend her and avoid bond forfeiture, to no avail. Through the use of other investigative and technology searches, H&H discovered a Hot Springs Village address associated with Courvelle. Muldoon contacted the Hot Springs Village Police Department and was told that they had received calls concerning that residence. Officers checked the address regularly but were unable to apprehend Courvelle.

Muldoon and other H&H bondsmen surveilled Courvelle's addresses and monitored the activities at the residences for several months. With the assistance of law enforcement, she was ultimately apprehended and arrested on a failure-to-appear warrant in February 2024 at the Hot Springs Village address.

Captain Joel Ware with the Garland County Sheriff's Office testified that he obtained a search warrant for the Hot Springs Village address associated with Courvelle. During execution of the search warrant on February 28, Courvelle was located inside the residence and arrested.

Deputy circuit clerk Olivia Dorman testified that Courvelle was notified that she was to appear before the court on August 22, 2023, at 1:30 p.m. for a disposition hearing on three pending felony cases. The written notice was dated July 25 and was signed by Courvelle and her counsel. On cross-examination, Dorman testified that on August 21, the day before the scheduled court date,

Courvelle requested a continuance, claiming that she had to go to Dallas to pick up her granddaughter because her son had been in an automobile accident.

David Jones, the court bailiff, called the hall for Courvelle on August 22. He testified that at approximately 2:30 or 2:40 p.m., he sounded her name loudly three or four times but received no response. He confirmed that Courvelle did not appear for her scheduled disposition hearing on August 22.

At the close of the State's case, Courvelle moved for a directed verdict on all three counts of failure to appear, arguing that she provided "good cause for a reasonable excuse and the State failed to rebut that." The circuit court denied the motions.

Courvelle testified in her defense. She was aware that she had been ordered to appear in court on August 22. However, on August 21, her son "had a bad wreck in his truck" in Texas and had broken his collar bone. She traveled to Texas and remained there for a week and a half caring for her granddaughter. Courvelle testified that she called the courthouse and faxed "in writing" a continuance request because she had to go take care of her granddaughter due to her son's hospitalization. Courvelle stated that she also called and left a message with Rhonda Craven, a bondsman with H&H, informing her of the situation. She claimed she did not honor the resulting failure-to-appear bench warrant and turn herself in because she was "challeng[ing] jurisdiction" and "everything was supposed to stop."

On cross-examination, Courvelle acknowledged that she knew she had to appear in court; however, she "didn't plan on [her] son having a car wreck in his truck." She was also aware that a bench warrant for her arrest was issued for failing to appear.

3

Courvelle renewed her directed-verdict motions after the defense rested.  The motions were again denied.  Following the jury trial, Courvelle was convicted of the charges and was sentenced to fifteen years' incarceration on each count, to be served consecutively.  A sentencing order was entered on October 7, 2024.  Courvelle appealed.

On appeal, Courvelle first argues that there was insufficient evidence to support the convictions.  Specifically, she asserts that the circuit court should have granted her motions for a directed verdict because she provided a reasonable excuse for each failure to appear.

When reviewing a challenge to the sufficiency of the evidence arising from a motion for directed verdict, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict.[1]  We will affirm a judgment of conviction if substantial evidence exists to support it.[2]  Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture.[3]  We do not, however, weigh the evidence presented at trial since that is a matter for the fact-finder, nor will we weigh the credibility of the witnesses.[4]

A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been lawfully set at liberty upon condition that he or she appear at a specified time, place, and court.[5]  Failure to appear is a Class C felony if the required

---

[1]*Kelley v. State*, 103 Ark. App. 110, 286 S.W.3d 746 (2008).

[2]*Id*.

[3]*Id*.

[4]*Gervais v. State*, 2018 Ark. App. 161, 544 S.W.3d 590.
[5]Ark. Code Ann. § 5-54-120(b)(2) (Repl. 2016).

4

appearance was in regard to a pending charge or disposition of a felony charge either before or after a determination of guilt of the felony charge.[6]

To be convicted of failure to appear under Arkansas Code Annotated section 5-54-120(b)(2), our supreme court has explained that the State must prove that the defendant (1) failed to appear (2) without a reasonable excuse (3) after having been lawfully set at liberty and (4) upon the condition that he appear at a specified time, place, and court.[7] Documentary proof of the court's verbal or written order to appear in court at a specified time and place is required.[8] Reasonable excuse is a defense for failure to appear.[9]

Courvelle does not dispute that she was ordered to appear in court on three separate cases on August 22, 2023, nor does she dispute that she failed to appear in court on that day. Instead, she argues that the State failed "to prove that [she] lacked a reasonable excuse for her failure to appear." She contends that she presented a reasonable excuse for not appearing in court as ordered, and the State offered no testimony "disproving" the reasonable excuse stemming from her son's medical emergency. Courvelle argues that the burden of proof on a failure-to-appear charge lies with the prosecution, and the State failed to carry its burden. She is mistaken. It is the defendant's obligation to establish to the satisfaction of the jury that he or she had a reasonable excuse for his or her failure

---

[6]*Id.* § 5-54-120(c)(1).

[7]*Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005).

[8]*Id.*

[9]*Hyatt v. State*, 2020 Ark. App. 390, 607 S.W.3d 180.

to appear.[10] Although Courvelle argues that she put forth proof of a reasonable excuse, her argument relies entirely on her testimony that she was out of state for a medical emergency. No additional evidence was presented to support her claim of a family emergency. A jury is not required to believe a defendant's self-serving testimony.[11] The trier of fact is free to believe all or part of a witness's testimony.[12]

Here, the jury clearly did not find Courvelle's testimony credible or her excuse reasonable for failing to appear in court on her three felony cases. We will not reweigh the evidence or the jury's credibility determination.[13] Viewing the evidence in the light most favorable to the State, as our standard of review requires, we hold that the jury had substantial evidence to convict Courvelle on the charges. She admitted that she was ordered to appear, knew the court date, and did not appear as ordered. She failed to provide any evidence to support her testimony that she was out of State caring for her son and granddaughter on the date of the scheduled hearing. Additionally, Courvelle testified that she was in Texas for only a week and a half following her son's accident. Yet, when asked why she failed to communicate with her bondsman and evaded arrest on the bench warrant for six months, Courvelle stated her belief that the proceedings were on hold because she challenged the court's jurisdiction. Substantial evidence supports her failure-to-appear convictions.

---

[10]*Taylor v. State*, 2023 Ark. App. 497, 678 S.W.3d 455.

[11]*Brooks v. State*, 2016 Ark. 305, 498 S.W.3d 292.

[12]*Id.*

[13]*See Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000).

Courvelle also argues that two of her three failure-to-appear convictions should be reversed and dismissed on double-jeopardy grounds because all three convictions punish the same singular absence from her August 22, 2023, hearing.

An issue must be presented to the circuit court at the earliest opportunity in order to preserve it for appeal.[14] Even a constitutional issue must be raised at trial in order to preserve the issue for appeal.[15] In *Brown v. State*,[16] our supreme court held that to preserve a double-jeopardy claim, the appellant must object after the jury returns the convictions. If an objection was made untimely or not at all, the double-jeopardy argument is waived.[17]

Courvelle concedes that no objection was made to the circuit court on double-jeopardy grounds at the time she was convicted at trial; nonetheless, she argues that this court can reach the issue as one involving substantial rights under the fourth *Wicks* exception.[18] However, in *Lee v. State*,[19] this court declined to apply the fourth *Wicks* exception to a double-jeopardy claim. Despite Courvelle's argument to the contrary, the holding in *Lee* bars consideration of her claim. Moreover, our precedent has made it clear that when a double-jeopardy argument is not raised below, we cannot consider it on direct appeal.[20]

---

[14]*Fuller v. State*, 316 Ark. 341, 872 S.W.2d 54 (1994).

[15]*Id*.

[16]347 Ark. 308, 65 S.W.3d 394 (2001).

[17]*See Taylor v. State*, 2019 Ark. App. 348, 582 S.W.3d 870.

[18]*See Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

[19]2013 Ark. App. 209.

[20]*See State v. Montague*, 341 Ark. 144, 14 S.W.3d 867 (2000).

Affirmed.

KLAPPENBACH, C.J., and BARRETT, J., agree.

*D. Franklin Arey III*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.